Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 216 | **DATE** | 8/3/2000 |
| **CASE TITLE** | Ryan vs. Trans Union Corporation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, the Court grants defendants Fleet and Universal's motions for summary judgment. The case is set for a status hearing on 8/11/00 at 9:30 for the purpose of determining whether there are any claims remaining against any defendant and, if not to enter a final judgment.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | AUG 04 2000 |
| | Notified counsel by telephone. | | date docketed |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials |
| | Copy to judge/magistrate judge. | 00 AUG -3 PM 2:52 | |
| OR | courtroom deputy's initials | | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number 62

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| KERRY RYAN | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| | ) | | |
| v. | ) | Case No. | 99 C 216 |
| | ) | | |
| | ) | | |
| TRANS UNION CORPORATION; | ) | | |
| EXPERIAN INFORMATION | ) | | |
| SOLUTIONS, INC.; EQUIFAX | ) | | |
| CREDIT INFORMATION SERVICES; | ) | | |
| CONSUMER DISCLOSURE CENTER; | ) | | |
| PAC MORTGAGE CREDIT | ) | | |
| REPORTS; A&T UNIVERSAL CARD; | ) | | |
| ADVANTA NATIONAL BANK, f/k/a | ) | | |
| Colonial National Bank USA. | ) | | |
| | ) | | |
| Defendants. | ) | | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Terry Ryan alleges that in 1996, after he and his former wife became separated, she impermissibly used his personal information to get credit cards issued to her in his name. He says she made charges on those accounts and then failed to pay. As soon as Ryan learned of this, he says he contacted the issuers of the cards, but they refused to correct the blemishes on his accounts and credit reports. He alleges that the credit card issuers violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*, by furnishing and then failing to correct this inaccurate account information on his credit report.

1

The two credit card issuers, Fleet Credit Card Services, successor-in-interest to Advanta National Bank, and Universal Card Services Corporation, sued as AT&T Universal Card, have filed motions for summary judgment on Ryan's FCRA claims against them (Counts 7 and 8). Both argue that Ryan cannot maintain a claim against them under the FCRA because furnishers of credit information had no obligations to debtors prior to September 30, 1997 when the alleged violations of the FCRA occurred.[1]

The FCRA requires a consumer reporting agency to follow "reasonable procedures to assure maximum possible accuracy" of the data within a consumer's credit report. 15 U.S.C. §1681e(b). In 1996, Congress amended the FCRA to impose duties upon persons who furnish information to credit reporting agencies, like the defendant credit card companies. *See* 15 U.S.C. §1681s-2. Prior to these amendments, the FCRA did not impose any duties on those furnishing information to credit reporting agencies. *See, e.g., Batchelor v. First National Bank of Blue Island*, No. 92 C 5073, 1993 WL 22859, at * 3 (N.D. Ill. Jan. 20, 1993).

Of the two main subsections to that act, courts have held that one – §1681s-2(b) – permits private parties to sue providers of information; §1681s-2(a) is enforceable only by government agencies. 15 U.S.C. §1681s-2(d); *Dornhecker v. Ameritech Corp.*, 99 F. Supp. 2d 918, 926-27 (N.D. Ill. 2000); *see also Campbell v. Baldwin*, 90 F. Supp. 2d 754 (E.D. Tex. 2000); *but see Carney v. Experian Information Solutions, Inc.*, 57 F. Supp. 2d 496 (W.D. Tenn. 1999) (concluding that the duties created by §1681s-2(b) are owed to the credit reporting

---

[1] Fleet also raises three additional grounds for summary judgment, namely that principles of *res judicata* and full faith and credit bar Ryan's federal claims, the FCRA's statute of limitations has expired, and that Fleet's predecessor, Advanta, engaged in no improper conduct. Based on the way we have decided this motion, we need not address these arguments.

agency, not to the consumer).

The duties imposed on providers of information under §1681s-2(b) "arise only after the furnisher receives notice from a consumer reporting agency that a consumer is disputing credit information." *Dornhecker*, 99 F. Supp. 2d at 925. Once the furnisher receives this notice, it must conduct an investigation, review all information provided to it by the reporting agency, and report the results of the investigation to the agency. If the information is found to be inaccurate, it must report the results to all other consumer reporting agencies to which it provides information nationwide. 15 U.S.C. §1681s-2(b)(1)(A)-(D).

Section 1681s-2 became effective on September 30, 1997. *See Dornhecker*, 99 F. Supp. 2d at 927 (citing Consumer Credit Reporting Reform Act of 1996, Pub.L. 104-208, 110 Stat. 3009-446 (1996)). It is undisputed that Universal and Fleet were first notified of Ryan's disputed charges in late 1996, and that Ryan's communications with them took place in 1996 and 1997, the last occurring on September 1, 1997. Ryan cannot maintain a claim against the defendants for their alleged failure to correct information at those times, which preceded the statute's effective date; Ryan himself does not contend otherwise. *See Dornhecker*, 99 F. Supp. 2d at 927. Thus it appears that at the time Ryan filed this suit, he had no viable claim against Universal and Fleet.

There are only two straws at which Ryan can attempt to grasp. First, in March 1999, Experian, a consumer reporting agency, sent Universal a Consumer Dispute Verification form concerning Ryan. *See* Universal's Reply, Ex. A, Interrog. 5. This does not provide Ryan with a basis for a claim against Universal. Even if Ryan had initiated the inquiry by indicating to Experian that he had a dispute with Universal (he testified in his deposition that he initiated no

3

contacts with reporting agencies after September 1, 1997), he has no evidence that Universal failed to comply with the statute's requirement to make an investigation and report the results to the reporting agency – the part of the statute that plaintiff claims Universal violated in 1999. *See* Pltf's Resp. to Universal Mot. at 5.

Second, also in March 1999, Equifax, another consumer reporting agency, sent Fleet a Consumer Dispute Verification form concerning Ryan. How this came about is not entirely clear. As noted above, Ryan testified on August 4, 1999 that he had initiated no contacts with reporting agencies after September 1, 1997. It is conceivable that he could have forgotten a communication that he had made with Equifax just a few months earlier, but it is noteworthy that Ryan made no effort to amend his deposition testimony, and he provided no affidavit or other evidence indicating any possibility that he had made the contact. It is likewise conceivable that Ryan's attorneys, belatedly realizing that Ryan had no viable FCRA claim against the credit card issuers, initiated (or prepared and had Ryan sign) a communication with the reporting agency in an attempt to revive the earlier dispute now that the pertinent FCRA provisions had taken effect. One way or another, however, Ryan has offered no evidence that the communication with Equifax, or Equifax's communication with Fleet, was anything more than a rehash of the dispute that Fleet had dealt with back in 1996 and early 1997. The fact that the inaccurate information predates the statute's effective date does not necessarily end the story; we cannot say that the fact that bad information is old necessarily absolves an information provider from investigating and correcting it after the statute's effective date. What we have here, however, is basically an attempt to drag out an old dispute, polish it up, and call it new. We see no basis to permit plaintiff to end-run the statute's effective date in this way.

4

Though Ryan says that he has sued Fleet and Universal under §1681s-2(b), he claims to have raised a FCRA negligence claim against them as well.[2] Without citing to any particular provision of the FCRA, Ryan alleges that Fleet and Universal were negligent in investigating and accepting and his ex-wife's application for credit in the first place. We assume that Ryan is referring to §1691o of the FCRA, which creates a civil cause of action for negligent non-compliance with the FCRA. *See* 15 U.S.C. §1691o(a) ("any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer" for damages and costs).

The FCRA does not give rise to claims for the negligent issuance or acceptance of credit card applications; rather it covers inaccurate or misleading disclosures of information to credit reporting agencies. *See, e.g.*, 15 U.S.C. §1681e(b) ("Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."); *id.* §1681(b) (FCRA was enacted to ensure that "consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information . . ."); *see also Guimond v. Trans Union Credit Information Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) (FCRA enacted to remedy "congressional concern over abuses in the credit reporting industry.").

Moreover, the FCRA is explicit: providers of information like Fleet and Universal are

---

[2] Ryan concedes – as he must – that he is not asserting a common law negligence claim. *See* 15 U.S.C. §1681h(e) (common law negligence are preempted by the Act).

5

accountable only if they continue to supply inaccurate data to credit reporting agencies after notification. 5 U.S.C. §1681s-2(b)(1)(A)-(D); *Dornhecker*, 99 F. Supp. 2d at 925. There is no other basis under the Act to impose liability on a provider of information. *See id.* Ryan therefore has no claim under the FCRA for Fleet and Universal's alleged negligence in issuing credit cards to his then estranged wife.

## Conclusion

For the reasons set forth above, the Court grants defendants Fleet and Universal's motions for summary judgment. The case is set for a status hearing on August 11, 2000 at 9:30 a.m. for the purpose of determining whether there are any claims remaining against any defendant and, if not, to enter a final judgment.

Dated: August 3, 2000

MATTHEW F. KENNELLY
United States District Judge